UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RON MCKIE,

    Plaintiff,

v.

COUNTY OF VAN BUREN, et al.,

    Defendants.
_____/

Case No. 1:17-cv-776

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging certain claims for damages from when he was an inmate in the Van Buren County Jail ("the Jail"). Defendants filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part Defendants' motion. The matter is presently before the Court on Defendants' objections to the Report and Recommendation, to which Plaintiff filed a response. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In his Amended Complaint (ECF No. 45), Plaintiff asserts the following five claims: violation of his Eighth Amendment right to receive adequate medical care (Count I); violation of his Eighth Amendment right to not be housed in inhumane conditions (Count II); municipal liability (Count III); violation of his Fourteenth Amendment right to receive adequate medical care

(Count IV); and gross negligence (Count V). The Magistrate Judge determined that Defendants were entitled to summary judgment on all of Plaintiff's claims except (1) Plaintiff's Eighth Amendment denial of medical treatment claims against Defendants Griffith, Delarosa, and Boyer (the "individual Defendants"); and (2) Plaintiff's municipal liability claim against Defendant Van Buren County ("the County"). Defendants object to the Magistrate Judge's recommendation that this Court partially deny summary judgment.

*Individual Defendants.* First, Defendants challenge the Magistrate Judge's determination that there is an issue of fact as to whether Plaintiff's Eighth Amendment rights were violated by the individual Defendants and that the individual Defendants are not entitled to qualified immunity (Objs., ECF No. 71 at PageID.596). Defendants argue that the record does not support a finding either that the jail's medical staff had specifically instructed the individual Defendants regarding Plaintiff's medical condition or that Plaintiff had requested anti-seizure medication from the individual Defendants (*id.* at PageID.597). Defendants argue that even if it is somehow found that Defendants made a "reasonable mistake," they are still entitled to qualified immunity where no reasonable officer, in the same position as the subject individual Defendants, "could possibly conclude that it would have been clear to the individual Defendants that their conduct was unlawful under the then present circumstances" (*id.* at PageID.600-601).

In response, Plaintiff points out that Defendants' objection takes issue with only the subjective component of his Eighth Amendment deliberate indifference claim (ECF No. 72 at PageID.609). Plaintiff argues that the Magistrate Judge properly determined that, based on the following record facts, a reasonable juror could, in fact, conclude that the individual Defendants knew that he was at risk of serious harm: (1) an Inmate Alert Card indicating that Plaintiff was taking Lamictal, an anti-seizure medication, was clearly visible to corrections officers on the floor

2

where Plaintiff was housed; (2) corrections officers were given a Medical Form directing that Plaintiff have bottom bunk status until his release; and (3) Plaintiff unequivocally testified that he told "every single officer that came through" about his epilepsy and that he would be "likely to suffer a seizure" if he did not receive his medication (*id.* at PageID.610-614). Plaintiff argues that the Magistrate Judge properly held that the individual Defendants are not entitled to qualified immunity where any reasonable officer in the same position would have taken reasonable measures for Plaintiff's safety (*id.* at PageID.614-615).

The Court agrees with Plaintiff that Defendants' argument fails to demonstrate any factual or legal error in the Magistrate Judge's Eighth Amendment analysis or conclusion. The Sixth Circuit has held that "[b]ecause government officials do not readily admit the subjective component of this test, it may be 'demonstrated in the usual ways, including inference from circumstantial evidence…and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). Here, from the record evidence, the Magistrate Judge properly concluded that a question of fact exists as to whether the individual Defendants knew that Plaintiff was at risk of serious harm and failed to act reasonably in response thereto (R&R, ECF No. 70 at PageID.589). Further, Defendants' argument fails to identify any error in the Magistrate Judge's qualified immunity analysis, specifically the Magistrate Judge's determination that "denial by a jail official of an inmate's request for medical care which the jail previously prescribed violates the Eighth Amendment" (*id.*). *See Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct."). Defendants' objection is therefore denied.

***The County.*** Second, Defendants challenge the Magistrate Judge's determination that there are questions of fact as to the County's liability (Objs., ECF No. 71 at PageID.596). Defendants argue that the Magistrate Judge erroneously determined that because the correctional officers were not trained when to advise medical staff when an inmate failed to appear or refused medication, above and beyond placing an "R" on the medical log, a reasonable juror could conclude that the County was deliberately indifferent to Plaintiff's constitutional rights and caused the constitutional injury (*id.* at PageID.605). According to Defendants, the Magistrate Judge "failed to account for the role of the Jail's medical staff," who did not rely upon the correctional officers to report such information and who would realize that an "R" on the medical log meant a missed dosage, prompting medical attention should it be warranted (*id.* at PageID.605-606).

Defendants' argument lacks merit. As Plaintiff points out in response, "the complete absence of any training whatsoever for the corrections officers (who are the ones responsible for dispensing medicine to an inmate) with regard to situations where an inmate fails to appear to receive his medicine 'created a circumstance in which the violation of an inmate's constitutional rights was simply inevitable'" (Pl. Resp., ECF No. 72 at PageID.615, quoting R&R, ECF No. 70 at PageID.594). The Magistrate Judge properly held that the evidence in the record was reasonably susceptible to such an inference and that judgment as a matter of law in the County's favor would be inappropriate. This objection is therefore also properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 71) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 70) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 57) is GRANTED IN PART and DENIED IN PART; specifically, Defendants' motion is granted except with respect to: (1) Plaintiff's Eighth Amendment denial of medical treatment claims against Defendants Griffith, Delarosa, and Boyer; and (2) Plaintiff's municipal liability claim against Defendant Van Buren County.

Dated: September 27, 2019     /s/ Janet T. Neff
JANET T. NEFF
United States District Judge